Sconiers, J.
(dissenting). I respectfully dissent. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), I conclude that the verdict finding defendant guilty of the charges arising from the incident on December 25, 2011 is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). I would therefore reverse the judgment, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45.
“The Court of Appeals has recently reiterated that, in reviewing the weight of the evidence, we must ‘affirmatively review the record; independently assess all of the proof; substitute [our] own credibility determinations for those made by the jury in an appropriate case; determine whether the verdict was factually correct; and acquit a defendant if [we are] not convinced that the jury was justified in finding that guilt was proven beyond a reasonable doubt’ ” (People v Oberlander, 94 AD3d 1459, 1459 [2012], quoting People v Delamota, 18 NY3d 107, 116-117 [2011]). I am not convinced that guilt was proven beyond a reasonable doubt. Although I am cognizant that the jury’s credibility determinations are entitled to great deference, in this case the credibility of certain prosecution wit *1601 nesses, including the victim, is “manifestly suspect” (People v O’Neil, 66 AD3d 1131, 1133 [2009]; see People v Bastow, 217 AD2d 930, 931 [1995], lv denied 86 NY2d 872 [1995]). Indeed, “the jury evidently had little confidence in the victim’s credibility since it acquitted defendant of all counts in connection with [two other] incidents” in August and November 2011 (O’Neil, 66 AD3d at 1134). Another prosecution witness admitted that she made a false allegation of rape against defendant, and gave conflicting accounts of defendant’s whereabouts at the time of the December 25, 2011 incident.
In addition, the testimony concerning the discovery by the victim and her mother’s boyfriend of the semen-stained bath towel, the crucial item of evidence against defendant, “ ‘is incredible and unbelievable, that is, impossible of belief because it is . . . contrary to experience’ ” (People v Garafolo, 44 AD2d 86, 88 [1974]; see People v Wallace, 306 AD2d 802, 802-803 [2003]). Moreover, the towel was discovered three days following the incident and, during the interim between the alleged crime and its discovery, the towel was accessible to persons who had an acrimonious relationship with defendant. Those circumstances thoroughly undermined any weight that should otherwise have been accorded to the only physical evidence against defendant (cf. People v Ortiz, 80 AD3d 628, 629-630 [2011], lv denied 16 NY3d 862 [2011]).
Finally, “[e]ven assuming that the verdict of guilt was not against the weight of the evidence, pursuant to our interest of justice jurisdiction (see, CPL 470.15 [3] [c]), [I] would reverse the judgment and dismiss the indictment because the evidence in this case leaves [me] with a very disturbing feeling that guilt has not been satisfactorily established; [that is,] that there is a grave risk that an innocent man has been convicted” (People v Gioeli, 288 AD2d 488, 489 [2001] [internal quotation marks omitted]; see generally People v Carter, 63 NY2d 530, 536 [1984]; People v Kidd, 76 AD2d 665, 668 [1980], lv dismissed 51 NY2d 882 [1980]).
Present — Scudder, P.J., Smith, Sconiers, Whalen and DeJoseph, JJ.